IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case No. 20-cv-61208-RKA

SIMPLIFIED IMAGING & DIAGNOSTICS, SIMPLIFIED
IMAGING SOLUTIONS LLC d/b/a SIMPLIFIED
IMAGING SOLUTIONS (SIS),
A Florida Limited Liability Company,

        Plaintiff,
v.

PETER ROUVELAS M.D. P.C.,
A New York Corporation

        Defendant.
_____/

**PLAINTIFF, SIMPLIFIED IMAGING & DIAGNOSTICS, SIMPLIFIED IMAGING SOLUTIONS LLC d/b/a SIMPLIFIED IMAGING SOLUTIONS (SIS), OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, SIMPLIFIED IMAGING & DIAGNOSTICS, SIMPLIFIED IMAGING SOLUTIONS LLC d/b/a SIMPLIFIED IMAGING SOLUTIONS (SIS) (hereinafter Plaintiff), hereby opposes Defendant, PETER ROUVELAS, M.D. P.C.'s (Defendant) Motion to Dismiss Complaint [D.E. 15] as follows:

**FACTS**

For purposes of this motion to dismiss, the court must accept the well-pleaded facts as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

This case involves a garden and variety breach of contract claim. On or about February 17, 2018, Plaintiff and Defendant entered into a Services Agreement to perform cardiac diagnostic testing on patients. [D.E. 1, ¶ 9]. The agreement provided that Defendant was to perform no less than 350 Tests Annually and/or pay the monetary equivalent based upon the number of tests

performed and the type of test. *Id.* ¶ 10. Plaintiff alleges that Defendant breached the contract by failed to conduct 350 tests for each year of the contract and/or pay the monetary equivalent between February 17, 2018 and February 16, 2019, February 17, 2019 and February 16, 2020, and anticipatory breached the contract for the period between February 17, 2020 and February 16, 2021, thereby performing zero (0) tests. *Id.* ¶¶ 11-13. Plaintiff alleges this case involves damages in excess of $75,000. *Id.* ¶¶ 5. Particularly, Plaintiff asserts damage in the amount of $151,767.00. *Id.* ¶ 15. Defendant has filed a motion to dismiss. [D.E. 15].

## STANDARD MOTION TO DISMISS

To survive a motion to dismiss [under Rule 12(b)(6) ], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and must accept the plaintiff's factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)).

## ARGUMENT

### A.     Plaintiff sufficiently alleges the amount in controversy.

Defendant alleges the court lacks subject matter jurisdiction for failure to sufficiently allege the amount in controversy. Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014); *see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) ("A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith."). Generally, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938).

"Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms [:]" facial and factual attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). "Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003). "In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits." *Id.*

Defendant contends that Plaintiff does not sufficiently allege the amount in controversy exceeds $75,000. This argument lacks merit. Defendant's contention that this case only involves at most $33,600 is categorically false. In disputing the amount in controversy, Defendant is attempting to argue evidence it believes exists instead of the facts contained within the complaint. Yet, Defendant fails to provide any admissible evidence to the court in support of its motion to

dismiss for lack of subject matter jurisdiction in the form of an affidavit or testimony and only relies upon its own interpretation of the contract.

Defendant's motion to dismiss based upon lack of subject matter jurisdiction should be denied since Plaintiff alleges the amount in controversy in good faith. [D.E. 1, ¶ 15]. The contract unequivocally states that Defendant agrees to conduct a minimum of 350 tests annually and/or pay the monetary equivalent. [D.E. 4-1, Section IV, Section A]. Defendant did not perform the sufficient number of tests in each year of the contract, and anticipatory breached the contract in the final year, thereby performing zero (0) tests for that period. [D.E. 1 ¶¶ 11-13].

The contract is crystal clear – it provides that Defendant will perform 350 tests annually and/or pay the monetary equivalent for the tests. [D.E. 4-1]. Plaintiff alleges that Defendant did not perform 350 tests and did not pay the monetary equivalent for the tests it did conduct. Given Defendant anticipatory breached the contract for February 2020-Febuary 2021, it is obligated to pay for 350 tests for that year.

Following Plaintiff's examination of its records, it calculated its damages at an amount above the amount in controversy. [D.E. 1, ¶ 15]. The $32 figure per plain stress tests that Defendant refers to in its motion to dismiss is nothing other a red herring. That amount is not the amount Defendant was required to pay if it did not conduct 350 tests annually. Instead, the contract included different amounts based upon the type of test and number of tests performed. Since Defendant did not perform 350 tests annually and/or did not pay the monetary equivalent per test, Plaintiff calculated its damages at $151,767.00. [D.E. 1, ¶ 15]. In fact, the damages exceed $75,000 alone in the final year of the contract in light of the anticipatory breach.

Because the amount in controversy is alleged in good faith and supported by the pleadings, Defendant's motion to dismiss for lack of subject matter jurisdiction should be DENIED.

**B.     Plaintiff alleges sufficient facts and elements necessary to establish the claim.**

Defendant argues that Plaintiff fails to state a claim for breach of contract. Plaintiff's argument(s) are unsuccessful. Defendant attempts to argue facts outside the pleadings in deciding the motion to dismiss and attaches a letter outside the pleadings in support thereof. [D.E. 15, pp. 8-9]. For example, Defendant argues his lab was not up and running as of the date of the contract and attaches an Exhibit A to its motion and states it could not have anticipatory repudiated the contract. These defenses and arguments raised by Defendant are not proper at this stage in the proceedings as the court may only look within the four corners of the complaint. *St. George v. Pinellas County,* 285 F.3d 1334, 1337 (11th Cir.2002)(recognizing that a court's review on a motion to dismiss is limited to the four corners of the complaint).

In this case, Plaintiff states sufficient facts to allege a claim for breach of contract. To state a claim for breach of contract, a Plaintiff must allege: (1) a valid contract, (2) a material breach of that contract, and (3) damages resulting from the breach. *Marchisio v. Carrington Mort. Servs, LLC*, 919 F.3d 1288, 1313 (11th Cir. 2019). The facts in this case are straightforward. Plaintiff clearly alleges the facts necessary to establish a claim for breach of contract. Plaintiff alleges a 1) contract between the parties. [D.E. 1, ¶ 9, 10; D.E. 4-1]; 2) Defendant breached the contract by failing to conduct 350 tests annually. *Id*. ¶¶ 11-13; 3) Plaintiff was damaged in the amount of $151,767.00. *Id*. ¶ 15. Because Plaintiff alleges facts and the elements necessary to establish the breach of contract claim, Defendant's motion to dismiss should be DENIED.

**C.     Plaintiff has sufficiently pled all conditions precedent have been performed.**

Defendant next contends that Plaintiff fails to plead that conditions precedent has been satisfied. This argument lacks any merit. Defendants' reliance upon *Bloodworth v. Colvin*, 17 F. Supp. 3d 1245 (N.D. Ga. 2014) is misplaced. At the pleading stage, a plaintiff is not required to

plead or allege all conditions precedent have been met with specificity. Rather, a pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED.R.CIV.P. 8(a)(2). In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. *Myers v. Central Florida Investments, Inc.*, 592 F.3d 1201 (11th Cir. 2010). In paragraph seven (7) of the Complaint, Plaintiff alleges that "all conditions precedent to this action have been performed or have been waived." [D.E. 1, ¶ 7].[1] Accordingly, Defendant's motion to dismiss on these grounds should be DENIED.[2]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of August 2020, I filed the foregoing document with the Clerk of the Court using CM/ECF.

SOLNICK LAW P.A.
17501 Biscayne Boulevard, Suite 420
Aventura, FL 33160
Tel: 305-629-6530
Email: pete@solnicklaw.com

By: /s/ *Peter J. Solnick*
Peter J. Solnick, Esq./Fla. Bar. 670006

---

[1] Defendant's contention that Plaintiff did not satisfy the conditions precedent show the frivolous nature of their argument. On May 28, 2020, undersigned counsel sent a certified letter to Defendant in accordance with the Contract. Not only is there evidence that defendant received the certified mail, but defendant responded to it. See Composite Ex 1.

[2] In the event this Court finds Plaintiff did not allege sufficient facts or elements necessary to state a claim, Plaintiff respectfully requests that the court grant Plaintiff leave to amend.